# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIO LOPES BENITEZ,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:08-cv-00543-ECR-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 is before the Court for consideration of an exhaustion defense raised in the answer as to Ground 2, which was permitted by the most recent scheduling order in the case. The exhaustion defense necessarily must be addressed prior to disposition of the merits on the remaining claims.

### *Background*

Petitioner Mario Lopes Benitez seeks to set aside his December 2001 Nevada judgment of conviction, pursuant to a jury verdict, of sexual assault of a minor under the age of fourteen. Petitioner challenged his conviction both on direct appeal and state post-conviction review.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.

1  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

In Ground 2, petitioner alleges that he was denied rights to a fair trial, to due process and to confrontation under the Fifth, Sixth and Fourteenth Amendments due to prosecutorial misconduct in the State's closing argument.

Respondents contend, *inter alia*, that the claim in whole or in part is not exhausted.

As to lack of exhaustion, respondents contend: (a) that the corresponding claim presented in the state courts was presented only as a state law claim; and (b) further that no confrontation claim was presented in state court even if federal constitutional due process and fair trial claims, *arguendo*, otherwise were presented.

The Court is persuaded that petitioner fairly presented and exhausted federal constitutional due process and fair trial claims on direct appeal. Petitioner had not objected during closing argument at trial, so he thus had to rely upon a rule permitting appellate review for plain error based upon constitutional questions being raised. He argued that "[a]lthough defense counsel did not interpose an objection as to all of the improper remarks, the trial court had an obligation to intervene and protect Lopez-Benitez' right to a fair trial under the

Sixth Amendment." He relied, during the course of his argument, upon, *inter alia*, *Williams v. State*, 113 Nev. 1008, 945 P.2d 438 (1997), and *Witter v. State*, 112 Nev. 908, 921 P.2d 886 (1996), in support of his position that the trial court had a duty to intervene *sua sponte* in the presence of obvious prosecutorial misconduct to protect the defendant's constitutional rights. These cases, in turn, relied upon United States Supreme Court and/or Supreme Court of Nevada precedent applying federal constitutional doctrine under the rights to a fair trial and due process. *See Williams*, 113 Nev. at 1018, 945 P.2d at 444; *Witter*, 112 Nev. at 923, 921 P.2d at 897. The fair trial and due process claims thus are exhausted.[1]

The confrontation claim, however, is not exhausted. Petitioner points to argument in a claim on state post-conviction review maintaining that the prosecutor's argument deprived him of his right to confrontation in violation of the Sixth Amendment. This argument, however, was presented in support of petitioner's claim that trial counsel provided ineffective assistance in failing to object to the prosecutor's closing argument.[2] In order to exhaust a federal claim, the petitioner must present *both* the same operative facts *and* the same legal theory to the state courts that he does in federal court. *Castillo, supra*. Presenting a claim of ineffective assistance of counsel based upon a failure to object to an alleged constitutional error does not exhaust the underlying independent substantive claim of constitutional error. *See,e.g.,*

---

[1] See #22, Ex. 21, at 6-8.

The Court further would note that there does not appear to be a distinction of substance between a constitutional right to a fair trial and a constitutional right to due process. The right to a fair trial is recognized as a right guaranteed by the right to due process under the Fifth and Fourteenth Amendments. *See,e.g., Cone v. Bell*, 556 U.S. 449, ___, 129 S.Ct. 1769, 1772, 173 L.Ed.2d 701 (2009)("The right to a fair trial, guaranteed to state criminal defendants by the Due Process Clause of the Fourteenth Amendment, . . . ."); *United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976)("We are dealing with the defendant's right to a fair trial mandated by the Due Process Clause of the Fifth Amendment to the Constitution. Our construction of that Clause will apply equally to the comparable Clause in the Fourteenth Amendment applicable to trials in state courts."); *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)("A fair trial in a fair tribunal is a basic requirement of due process.").

The Court additionally notes that, while blanket references to "due process" and a "fair trial" detached from any constitutional argument do not exhaust any federal constitutional claim, petitioner did more. At some point, a defendant has to be able to actually exhaust a claim of deprivation of rights to due process and to a fair trial. The very invocation of such phrases in asserting such a claim cannot negate its exhaustion.

[2] See #23, Ex. 52, at 13-14 & 19.

-3-

1 *Williams v. Stewart*, 441 F.3d 1030, 1041 (9th Cir. 2006); *Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (9th Cir. 2005); *see also Kimmelman v. Morrison*, 477 U.S. 365, 374 & n.1, 106 S.Ct. 2574, 2582 n.1, 91 L.Ed.2d 305 (1986)(Sixth Amendment ineffective assistance claim for failure to raise Fourth Amendment claim distinct from underlying Fourth Amendment claim).

Ground 2 therefore is not exhausted to the extent that petitioner alleges that he was denied a right of confrontation under the Sixth Amendment.

IT THEREFORE IS ORDERED that the Court holds that the confrontation claim in Ground 2 (hereafter, the "unexhausted claim") is not exhausted.

IT FURTHER IS ORDERED that petitioner shall have **twenty-one (21) days** from entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claim, and/or for other appropriate relief. This order directs the filing of a *motion*, not a notice or other filing.

IT FURTHER IS ORDERED that any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **ten (10) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court.

IT FURTHER IS ORDERED that the opposition and reply times on the motion filed shall be the standard times provided for by the local rules, but with respondents' opposition time running from service of the petitioner's declaration rather than of the motion itself.

The entire petition, as amended, will be dismissed without prejudice for lack of complete exhaustion if a motion or the accompanying declaration is not timely filed.

**No extension of the deadlines established herein will be granted except in extraordinary circumstances.**

DATED: March 22, 2012.

_____
EDWARD C. REED
United States District Judge